Rockingham, }
Nov. 4, 1914. }

HAMPTON BEACH IMPROVEMENT CO. *v.* HAMPTON.

SAME *v.* SAME.

A town which owns land within its limits may legally agree that a lessee thereof shall not be taxed therefor during the term of the lease, and is liable to him in an action of assumpsit for taxes he has paid.

COVENANT and ASSUMPSIT, to recover taxes paid by the plaintiff upon land leased by it from the town. The lease provides: "The said lessor covenants and agrees with the said lessee, its successors and assigns, that it shall not tax said land or any part thereof during the term of this lease, or if it does tax the same or any part of it, the amount of said tax shall be paid by the lessor, or if paid by the lessee, its successors or assigns, shall be deducted from the annual rent." The town has taxed the land, and the plaintiff has paid the taxes. In addition to the action at law, the plaintiff also filed a bill in equity asking for a construction of the lease.

It appearing to the court to be desirable that the question of the legal right of the town to make provisions in the lease with reference to taxation, or repayment if taxes were assessed, should be determined in advance of further hearing, the case was transferred without a ruling from the January term, 1914, of the superior court by *Sawyer*, J.

*Page, Bartlett & Mitchell*, for the plaintiff.

*Eastman, Scammon & Gardner*, for the defendant.

PEASLEE, J. The case is properly transferred to this court for determination, in advance of the trial, of important questions of law necessarily involved in the action for covenant broken. *Glover* v. *Baker*, 76 N. H. 261. It is therefore unnecessary to consider whether the bill in equity for the construction of the lease can be maintained. See *Ross* v. *Church*, *post*.

The town of Hampton owned the land in question as a corporation rather than as a branch of the government. It taxed the land in the exercise of its governmental function and duty. As a corporation, it contracted with the lessee that if the municipality assessed

and collected taxes on the land the lessee might deduct the amount paid from the annual rent due to the corporation. In making the contract and in levying the tax the town acted in different capacities, one public and the other private. "When they act in a private capacity, they are subject to the same legal obligations as a private corporation." *Gates* v. *Milan,* 76 N. H. 135, 136.

The argument that the covenant in the lease amounts to an agreement to exempt the lessee from the burden of taxation which it was bound to bear is not well founded. An exemption from taxation is in the nature of a gratuity, while the agreement here is a part of the consideration for the payment of a certain rental. It is merely a matter of contract between the lessor and the lessee. *Morrison* v. *Manchester,* 58 N. H. 538, 556. What the town lost in taxes as a municipality it gained in rent as a lessor. Such a provision is not infrequently found in leases between individuals. In making it the town acted in a private capacity and is therefore subject to the usual private obligation. It was making a contract touching the price to be paid for the use of the land. If tax free, it was worth a rent as much larger as the probable annual tax. It must be assumed that the rent agreed upon included the amount of this probable burden which was assumed by the lessor. The substance of the transaction is not a tax exemption, but a contract by the town as a private corporation, that for an agreed price it will (among other things) pay the tax on this land.

The lease provides that if the land is taxed the lessor shall pay the tax, or the lessee may deduct it from the rent. In the present case the lessee has paid the tax and seeks to recover it back from the town. The reason for this seems to be that the tax is now greater than the annual rental. The defendant insists that even if a deduction from the rent might be stipulated for, yet a money judgment against the town cannot be obtained upon a claim like this. The basis alleged for this position is that money can be taken from the town treasury only in certain specified ways and for purposes which are defined in the statutes. But as the statute provides for raising money "for all necessary charges arising within the town" (P. S., *c.* 40, *s.* 4), it is manifest that the argument begs the question. If this is a legal claim against the town, its payment is a necessary town charge. If the town made a bad bargain, it can escape the consequences only as an individual could.

It is conceded that the covenant is one that would be binding between individuals and that the town had power to act in its

private capacity in this matter. But it is urged that when acting in its private capacity a town cannot impair its governmental functions. The limitation is not peculiar to the agreements of municipalities acting privately. No other private citizen can contract to vary the course of government. But a private citizen can, as between him and his obligee, contract to save another harmless from governmental burdens, and this is what the present covenant amounts to. The provision that the town shall not tax the land can be stricken out, and the covenant remains complete. A declaration alleging as a breach of the covenant that the town had laid tax on land would be bad in law; for the covenant plainly implies that it is likely that taxes will be laid, and it provides what shall be done in that event. The seeming inconsistency between the rule that the municipality cannot contract to vary the uniform rule of taxation on one hand, and the course here pursued, which is said to amount in the end to depriving the town of the tax on this property, results solely from the fact that the same entity is at one and the same time a public and a private corporation. That this theory may at times produce illogical results is perhaps true. Even if this is so, it is not a sufficient reason for the judicial abandonment of a long established and frequently approved rule of law. "The theory of their dual character is too firmly imbedded in the common law to be removed, except by the law-making power." *Rhobidas* v. *Concord,* 70 N. H. 90, 114.

*Case discharged.*

YOUNG, J., did not sit: the others concurred.